TENNESSEE CREDIT CLEARING COMPANY, COMPLAINANT, APPELLANT, *v.* DICK LINDSEY, COUNTY COURT CLERK, DEFENDANT, APPELLEE.

*(Nashville.* December Term, 1930.)

Opinion filed February 21, 1931.

R. L. Kennedy, for complainant, appellant.

Horace Osment, for defendant, appellee.

Mr. Chief Justice Green delivered the opinion of the Court.

This suit was brought to recover a privilege tax paid under protest. The bill was dismissed on demurrer and an appeal taken to this court. The bill avers that the complainant is a Tennessee corporation engaged in the business of serving such debtors as apply to it and engage its services. It procures from the debtor a statement of his salary or wages, the amount necessary for the living expenses of himself and family and a list of his creditors and the amount he owes them. The complainant aids the debtor in making up a necessary family budget of actual living expenses and an estimate is made of the amount which the debtor can set aside each month to go in payment of his debts. Complainant thereupon undertakes to make an arrangement with the creditors of the debtor whereby they will agree to accept through complainant, in discharge of their claims, that part of the debtor's salary or wages above his family budget aforesaid, which the complainant agrees to procure from the debtor and distribute ratably each month among the creditors.

Complainant makes a charge against the debtor of ten per cent of the latter's indebtedness for its services. Complainant does not guarantee the creditor's claim, takes no assignment of the debtor's wages, and if the

debtor fails to live up to his agreement, the complainant merely notifies the creditors. If by reason of misfortune the debtor is unable any month to make the allotment to his creditors, the complainant endeavors to procure an extension from such creditors.

Chapter 89 of the Acts of 1927, at page 304, levies a privilege tax as follows:

"Collecting and/or Adjusting Agencies or Companies.

"Persons, firms or corporations not liable for taxes as Commercial, Mercantile and Protective Agencies, but doing business as collecting, adjusting or forwarding agents, shall pay as follows:

"In Cities, towns or taxing districts of 50,000 inhabitants or over, each per annum ................$300.00

"In cities, towns or taxing districts of from 30,000 to 50,000 inhabitants, each per annum ............$200.00

"In cities, towns or taxing districts of less than 30,000 inhabitants, each per annum .................$100.00"

The County Court Clerk was of opinion that this tax applied to the business of complainant and was taking steps to collect the tax from complainant, when the latter paid under protest, as before stated.

The subtitle of this paragraph of the revenue bill "Collecting and/or Adjusting Agencies or Companies" does not restrict the contents of that paragraph, as would the constitutional caption of a statute. *Seven Springs Water Co.* v. *Kennedy,* 156 Tenn., 1. Nor do we think the subtitle is effective to enlarge the scope of the paragraph.

Looking to the body of the paragraph, persons taxed are those "doing business as collecting, adjusting or forwarding agents."

We think the maxim *noscitur a sociis* is to be applied in interpreting the word *adjusting*. Collection agencies are frequently entitled adjusting agencies. We are satisfied this tax was aimed at those engaged in the business of collecting, adjusting and remitting the proceeds of *claims* sent to them. It was directed against those representing creditors and in the business of aiding creditors.

The complainant here undertakes to represent debtors and receives its compensation from debtors. In our opinion it is not a collecting, adjusting or forwarding agency in the sense of the revenue statute. It is engaged in a business altogether different from the business contemplated by the statute, the exercise of which was made a privilege by the enactment heretofore set out.

As above noted, this case is before us upon bill and demurrer and we must take the allegations of the bill as true. So long as the complainant conducts its business in the manner outlined in its bill, we do not think it liable for the privilege tax in question.

Reversed and decree here for complainant.